# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CORDELL FORD,**

    Plaintiff,

v.                                               Case No. 19-CV-1005

**ANTHONY MATUSHAK,** *et al.***,**

    Defendants.

## ORDER

On October 7, 2019, the defendants filed a motion for summary judgment on the ground that plaintiff Cordell Ford failed to exhaust the available administrative remedies before he filed this lawsuit. (ECF No. 34.) That same day they also filed a motion to stay discovery and the case deadlines. (ECF No. 38.) They explain that, if their motion for summary judgment is granted, it will result in the complete dismissal of this case and that discovery on the merits is irrelevant to the exhaustion issue. In the interest of conserving the parties' and the court's time and resources, the court will grant the motion.

Ford's materials in response to the defendants' summary judgment motion are due within thirty days of service of the motion. Ford must respond to each of the proposed findings of fact by agreeing with the proposed fact or explaining why he disagrees with it. If he does not indicate one way or the other, the court will assume that he agrees with the proposed fact. Ford must support his facts or his disagreement

with the defendants' facts with evidence. He can do that by relying on documents or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746.[1] An unsworn declaration is a way for a party to tell his side of the story while declaring to the court that everything in the declaration is true and correct. Ford must also respond to the legal arguments in the defendants' brief.

If Ford believes he needs discovery related to the exhaustion issue in order to respond to the defendants' summary judgment motion, he should promptly notify the court and the court will adjust his response deadline. The court will allow discovery *only* on the exhaustion issue. At this time, the court will not allow discovery on the merits of Ford's claims. If Ford does not timely respond to the defendants' motion or does not explain to the court why he is unable to do so, the court will conclude that he does not oppose the defendants' motion. *See* Civil L. R. 7(d) ("Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion."); Civil L. R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice.").

**IT IS THEREFORE ORDERED** that the defendants' motion to stay discovery and case deadlines (ECF No. 38) is **GRANTED**.

---

[1] At the bottom of his declaration he should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. § 1746(2).

Dated at Milwaukee, Wisconsin this 16th day of October, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge